### KELLEY MERRIT v. STATE.

No. A-3742.    Opinion Filed Nov. 10, 1921.
(201 Pac. 529.)

(Syllabus.)

Continuance—Grounds—Absent Witnesses. The day following the filing of the information, which was Saturday, defendant was arraigned and the cause set for trial the following Monday. Thereupon defendant caused subpaenas to issue. When the case was called for trial defendant filed an application for continuance on account of the absence of such witnesses and the failure of the sheriff to serve the subpoenas. The sheriff testified that he did not have sufficient time to serve the same. Held reversible error to overrule said application.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

Kelly Meritt was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

R. C. Drake, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J.    Under an information charging him with selling "one pint of whisky to G. C. Jackson," appellant was tried and convicted, the jury leaving the punishment to the court. The court assessed the maximum punishment, and from the judgment he appeals.

One of the grounds of the motion for new trial, and assigned as error, is that the court erred in overruling the de-

fendant's application for a continuance. The record shows that the information was filed on January 30, 1920; that plaintiff in error was arrested and arraigned on the following day, and the case was set for trial on February 2d, which was Monday. On January 31st, the day he was arrested and arraigned, which was Saturday, the defendant caused subpoenas to issue. The sheriff on Monday, when the case was called for trial, made return that he had not served the same. Thereupon the defendant filed a motion for continuance on the ground that Joe McDonald and John Compton, material witnesses on his behalf, were absent, and if present they would testify that the said G. C. Jackson purchased the intoxicating liquor from persons other than the defendant, and that the subpoena for said witnesses had not been served.

The defendant caused the sheriff to be sworn, who testified:

"I did not have time, considering the way the roads were, to serve said subpoenas."

Thereupon counsel for the defendant asked leave of court to permit the defendant to verify his motion, and the court refused to permit him so to do.

The Attorney General has filed the following confession of error:

"It seems to us that, from the situation as disclosed by the record, plaintiff in error did not have a fair and impartial trial. While it is true that the showing made by him for a continuance was not in proper form, yet we think the record discloses that it was due more to lack of knowledge than anything else, and that in addition thereto, when an endeavor was made to perfect the form of the application, the trial court would not grant such permission. Considering the fact that the party was arrested, charged with the commission of the offense, on Saturday, and he immediately had subpoenas issued for witnesses, and the case was set for trial on the

next Monday, it seems to us that the trial court should have granted him a reasonable time, at least, in which to have endeavored to have secured the absent witnesses. In other words, we are unable to say that the court did not abuse its discretion in denying plaintiff in error an opportunity to secure his witnesses.''

Ordinarily the granting or refusing of a continuance is in the discretion of the court, and its decision will not be disturbed on appeal, unless it appears that there has been an abuse of such discretion. However, a continuance ought always to be granted when, from the showing, justice requires it to be done, and to enable a defendant to procure all competent evidence necessary for his defense, if he has used due diligence to obtain the same. Technical objection should not ordinarily prevent the granting of a continuance, if it appears necessary to a proper presentation of defendant's case. On the record before us the confession of error is well founded, and in our opinion, under the admitted fact that the subpoenas for the defendant's witnesses had not been served, the state should not have insisted, and the court should not have ordered, that the trial proceed in the face of this application.

It is also insisted that the evidence is insufficient to sustain the verdict. The complaining witness, Jackson, was the only witness who testified that the liquor was purchased from the defendant. As a witness in his own behalf the defendant denied the sale of whisky.

Without further detailing the evidence we deem it sufficient to say that the jury are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, and where there is any substantial testimony tending to show the defendant guilty of the offense charged against him, the sufficiency of the evidence to support the verdict will not be considered by this court. For the reason stated the judgment is reversed, and a new trial awarded.

MATSON and BESSEY, JJ., concur.